UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER SCHORNHORST, individually and
as personal representative for the estate of James
A. Schornhorst,

      Plaintiff,     No. 07-CV-12700

vs.             Hon. Gerald E. Rosen

FORD MOTOR COMPANY, a Delaware
Corporation, and MUTUAL OF OMAHA
INSURANCE COMPANY, a Nebraska Company,

      Defendants.
_____/

OPINION AND ORDER REGARDING PLAINTIFF'S MOTION FOR LEAVE TO
AMEND COMPLAINT AND DEFENDANT'S MOTION TO DISMISS COUNT II OF
THE COMPLAINT AND RELATED PORTIONS OF PRAYER FOR RELIEF OR,
ALTERNATIVELY FOR PARTIAL JUDGMENT ON THE PLEADINGS

      At a session of said Court, held in
      the U.S. Courthouse, Detroit, Michigan
      on   September 30, 2008

      PRESENT: Honorable Gerald E. Rosen
             United States District Judge

I. INTRODUCTION

   This ERISA denial of benefits action is presently before the Court on Plaintiff Jennifer Schornhorst's Motion for Leave to File a First Amendment Complaint and Defendant Mutual of Omaha Insurance Company's Motion to Dismiss Count II of the Complaint and Related Portions of the Prayer for Relief or, Alternatively, for Judgment on the Pleadings. Having

1

reviewed the parties' respective motions, briefs, and supporting documents, the Court has determined that oral argument is not necessary. Therefore, pursuant to the Eastern District of Michigan Local Rule 7.1(e)(2), this matter will be decided on the briefs. This Opinion and Order sets for the Court's ruling.

## II. PERTINENT FACTS

Plaintiff Jennifer Schornhorst's late husband, James A. Schornhorst, was an employee of Ford Motor Company until the time of his death in an automobile accident on September 28. 2006. Effective June 1, 2006, Mr. Schornhorst elected to participate in a discretionary accident insurance plan (the "Plan") issued through Ford Motor Company by Mutual of Omaha Insurance Company. The Plan provides benefits to a surviving spouse in the event of an accidental death.[1] Following Mr. Schornhorst's death, on or about October 11, 2006, Plaintiff submitted a claim for benefits. In a letter dated January 18, 2007, Defendant Mutual of Omaha denied the claim on the basis of an Intoxication Exclusion Amendment Rider (the "Rider"). The Rider bears an effective date of June 1, 2006.[2] Mr. Schornhorst's toxicology report showed that his blood alcohol level was over the legal limit in Michigan.

The Plaintiff alleges that neither she nor Mr. Schornhorst were ever provided a copy of the Rider. On August 17, 2006, two months after the Rider went into effect, Ford Motor

---

[1] The Plan is governed by ERISA, and it provides for payment of $1,000,000 to the decedent's surviving spouse. The Plan's initial term was effective until June 1, 2009.

[2] The Plaintiff alleges that the Plan did not contain any exclusion for alcohol-related accidents when her husband enrolled on June 1, 2006.

Company published an Accident Insurance Overview on its intranet system. The publication explained the rights, benefits, and exclusions under the Plan. Notably, alcohol-related accidents and deaths were not listed in the section entitled "What the Plan Doesn't Cover."

On April 24, 2007, Plaintiff appealed the denial of the claim, and again requested payment of the benefits due under the Plan. Mutual of Omaha replied via letter dated May 25, 2007, again denying the claim, citing the Rider as the sole reason for the denial.

Plaintiff then filed her Complaint in this action on June 26, 2007. In her Complaint, Plaintiff alleged two counts. Count I alleges a claim for payment of benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Count II alleges a claim of breach of fiduciary duties under ERISA for "Defendants' failure to notify the Plan participant of material changes in benefits and subsequent refusal to pay benefits." [*See* Complaint, ¶¶ 29-30.]

On September 24, 2007, Plaintiff filed the instant motion seeking to amend her Count II claim to add an additional paragraph [¶ 31] to assert a claim for equitable relief pursuant to § 502(a)(3)(A) and (B)(i) of ERISA. In this proposed amendment, Plaintiff seeks to assert that "due to Defendants failure to notify [of a material change in benefits under the Plan], Defendants should be enjoined from enforcing the Intoxication Exclusion Amendment Rider, and the Rider should be declared null and void." [Plaintiff's Proposed Amended Complaint, ¶ 31.]

## III. DISCUSSION

### A. APPLICABLE STANDARDS

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend in its pleadings with the Court's consent, which "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Forman v. Davis*, 371 U.S. 178, 182 (1962). A court may exercise its discretion to deny such leave based on the "futility of [the] amendment." *Id*. An amendment is futile if the amended pleading could not withstand a motion to dismiss for failure to state a claim. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299 (6th Cir. 2000). When considering whether a pleading states a claim, the Court will construe the complaint in the light most favorable to the plaintiff and accept all of the complaint's factual allegations as true. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998).

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, a party may move for a judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. Fed. R. Civ. P. 12(c). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d. 577, 581 (6th Cir. 2007) (internal citation and quotation marks omitted). A motion brought pursuant to Rule 12(c) is appropriately granted "when no material issue of fact exists and the party making the motion is entitled to judgment

4

as a matter of law." *Id.* at 582 (internal citation and quotation marks omitted).

The Court will apply the foregoing standards in deciding Plaintiff's motion for leave to amend and Defendant's motion to dismiss in this case.

B.     ANALYSIS

The plaintiff's complaint in this case asserts two claims. The first is a claim for payment of the benefits under ERISA § 502(a)(1)(B), and the second is an ERISA breach of fiduciary duties under ERISA § 502(a)(3)(A) and 502(a)(3)(B)(i), 29 U.S.C. § 1132(a)(3)(A) and 1132(a)(3)(B)(i). Plaintiff's proposed amendment adding a claim for equitable relief under § 502(a)(3) of ERISA relates to her second claim.

In order for the leave to amend to be granted, the Court must determine that the facts the plaintiff alleges support the second claim for breach of fiduciary duty under ERISA § 502(a)(3)(A) and 502(a)(3)(B)(i) as a separate claim from the first claim for failure to pay the benefits.

In at least two recent Sixth Circuit cases, the appellate court has permitted plaintiffs to pursue both a claim for benefits under § 502(a)(1) and a separate claim for breach of fiduciary duty under § 502(a)(2) or § 502(a)(3). In *Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 838-42 (6th Cir. 2007), the court held that the plaintiff could simultaneously obtain relief under § 502(a)(1)(B) and § 502(a)(3). The court reasoned that both claims were appropriate because Gore was not claiming a denial of benefits, and a remedy under § 502(a)(1)(B) would not have been adequate relief.

In *Hill v. Blue Cross and Blue Shield of Mich.*, 409 F.3d 710, 717-718 (6th Cir. 2005),

5

the court held that both a § 502(a)(1) and a § 502(a)(3) claim were appropriate in a class action challenging systematic, plan-wide claims-administration problems. The court reasoned that only injunctive relief would provide complete relief, and this remedy was only available under § 502(a)(3).

But the Sixth Circuit has also declined to allow a plaintiff to go forward with both claims, as well. In *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 616 (6th Cir. 1998), the court held that Wilkins was not entitled to "simply characterize a denial of benefits as a breach of fiduciary duty." The court reasoned that the Supreme Court in *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996), had clearly limited § 1132(a)(3) to beneficiaries who could not obtain relief through § 1132's other remedies. *Wilkins,* 150 F.3d 609, 615. The Sixth Circuit also held in *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 454 (6th Cir. 2003), that the plaintiff could not assert a claim of breach of fiduciary duty since he could challenge the denial of benefits to obtain a remedy.

Other jurisdictions have also held that when a plaintiff can recover under § 502(a)(1), a § 502(a) breach of fiduciary duty claim is not permitted. *See, e.g. Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084 (11th Cir. 1999) and *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998).

Plaintiff's claims in this case can be distinguished from *Gore* and *Hill*. She has filed Count I as a denial of benefits and Count II as a breach of fiduciary duty. It is this latter Count that she seeks to amend to include a claim for equitable relief. Unlike *Gore*, who did not claim a denial of benefits and was thus permitted to assert a breach of fiduciary duty

claim, the plaintiff in this case has asserted a denial of benefits claim under § 502(a)(1).

Plaintiff's Complaint is also distinguishable from *Hill*. In *Hill*, a putative class was attempting to address plan-wide procedural issues. In this case, Plaintiff is seeking equitable relief for herself for a procedural failure between the plan participant, in this case the deceased, and the defendant insurance company. The court specifically distinguished *Wilkins* in the *Hill* case because of the plan-wide breadth of the procedural issue. In this case, as a single plan participant, Plaintiff, has not provided any facts that allege a defect that impacts all of the plan participants.

Like *Wilkins*, Plaintiff is asserting a claim to recover for non-payment of benefits and a second claim to recover for a breach of fiduciary duty. The court in *Wilkins* clearly interpreted *Varity* in that § 1132(a)(3) is a fall-back for plaintiffs that are unable to recover under any other portion of § 1132. That is clearly not the case here. Plaintiff has asserted a failure to pay benefits under § 1132(a)(1)(B), which will provide a complete remedy, and thus, she will not be allowed to assert a second claim for a breach of fiduciary duty.

For these reasons, the Court concludes that, with or without the proposed amendment, Plaintiff has failed to state a claim in Count II upon which relief may be granted. Therefore, Plaintiff's Motion for Leave to Amend her Complaint will be denied and Defendant's Motion to Dismiss Count II will be granted.

## CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that the Plaintiff's Motion for Leave to Amend a

Complaint is DENIED.

IT IS FURTHER ORDERED that Defendant Mutual of Omaha's Motion to Dismiss Count II and Related Portions of Prayer of Relief is GRANTED.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: September 30, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager